Clara Faye BABBITT *v.* QUIK-WAY LUBE AND TIRE, INC.

92-1355                                             853 S.W.2d 273

Supreme Court of Arkansas
Opinion delivered May 17, 1993

*Jerry W. Stewart*, for appellant.

*Baxter, Wallace, Jensen & McCallister*, by: *Ray Baxter* and *Karen Virginia Wallace*, for appellee.

TOM GLAZE, Justice. Appellant Clara Faye Babbitt filed this personal injury action against appellee Quik-Way Lube and Tire, Inc., alleging that, as a passenger, she sustained injuries as a result of her husband's car falling into a drainage hole when he was driving into a wash bay on the premises. The jury returned a verdict in favor of Quik-Way. Ms. Babbitt brings this appeal wherein she claims Quik-Way's attorney violated the collateral source rule when at trial he elicited evidence concerning her medical insurance coverage. Babbitt further argues the trial court abused its discretion by permitting such questioning and in refusing her motion for mistrial.

In presenting her case-in-chief, Ms. Babbitt, in response to her attorney's direct examination, stated that she had not seen a doctor before paying her attorney a visit. She further explained she could not afford a doctor. The exact colloquy follows:

Q: All right. Now Ms. Babbitt, would you tell us please, when did you have the first occasion to go see a doctor. Was

it at my insistence when you came to my office, or before?

A: When I came to your office I went to the doctor.

Q: Okay. And you had not seen a doctor prior to coming to my office, is that correct?

A: Yes.

Q: Why?

A: I didn't have the money. They want their money up front when you go to the doctor's. I didn't have the money then.

Following the foregoing, Ms. Babbitt's attorney introduced Babbitt's medical bills, most of which reflected payment by her husband's employer's insurance carrier.

On cross examination, Ms. Babbitt was asked if she had told the jury that she had delayed seeing a doctor because she could not afford it. She replied, "That's right." Other pertinent colloquy follows:

Q: Is that just as true as all the rest of your testimony?

A: I couldn't afford to pay an office call.

Q: Ma'am, your husband has worked for Reynolds Metals Company for 27 years?

A: Yes.

Q: You have medical insurance provided through Reynolds Metals Company, and have had for 27 years, haven't you?

A: Yes. But they don't pay office calls though.

Q: How much of these bills that you've submitted to this jury have they paid, or have they paid any yet?

A: I'm not familiar with it.

Q: You've turned in claims, haven't you?

A: I haven't, no.

Q: Well, tell me this. When you went to Saline Memorial Hospital, are you telling the jury that they didn't ask for an

insurance card?

A: Well, yeah, I'm sure they did.

At the colloquy's end above, Babbitt's attorney moved for a mistrial, contending the issue of insurance should not have been injected into evidence, and Quik-Way's attorney responded that Ms. Babbitt had "opened the door." The trial court denied the mistrial motion. We affirm.

■ Our recent case of *Younts* v. *Balder Electric Co.*, 310 Ark. 86, 832 S.W.2d 832 (1992), controls. There, during direct examination, counsel asked Younts whether he had been able to reopen his business after the fire, and Younts said, "Haven't been able to afford it." Defense counsel argued during an in-camera hearing that Younts' testimony opened the door for counsel to show Younts had received an insurance settlement. The trial court agreed, and we affirmed on appeal. In doing so, we cited the general rule that it is improper for either party to introduce or elicit evidence of the other party's insurance coverage and stated this principle is part of the collateral source rule which excludes evidence of benefits received by a plaintiff from a source collateral to the defendant.

■ We further recognized in *Younts*, that, when a party testifies about his or her financial condition in a false or misleading manner, he or she opens the door for the introduction of evidence which might otherwise be inadmissible under the collateral source rule. *See also Peters* v. *Pierce*, 308 Ark. 60, 823 S.W.2d 820 (1992). In upholding the trial court's rule to allow defense counsel to inquire of Younts' insurance settlement, we stated as follows:

> It is important to recognize that Younts' testimony came when he was being questioned by his own counsel. The question asked was whether he had rebuilt the physical facilities of his business. The question was wholly irrelevant to any question in the case other than possibly that of mitigation of damages which does not appear to have been at issue. The dissenting opinion seems to conclude as a matter of fact that Younts was telling the truth or that he answered in good faith. We have no way to determine that. Appellate courts do not make those deci-

sions. The important point is that Younts' response that he could not afford to rebuild could very well have been misleading to the jury. In *Peters* v. *Pierce, supra*, and in *York* v. *Young, supra*, we held that in such a situation the collateral source rule does not prevent introduction of evidence of insurance.

In the present case, Babbitt's counsel invited Babbitt to explain why she saw him before having seen a doctor. The purpose of such questioning was to give Babbitt an opportunity say, "I didn't have the money . . . [t]hey want their money up front when you go to the doctor . . . I didn't have the money then." As was the situation in *Younts*, Babbitt's counsel's question and Babbitt's response had no relevance to any issue in the case. Instead, Babbitt's testimony that she could not go to a doctor for treatment could have misled the jury. Under these facts, we are unable to say the trial court abused its discretion in permitting Quik-Way's counsel to elicit information that afforded the jury a complete and full picture of Babbitt's financial situation.

In conclusion, we mention Babbitt's remaining contentions. She first argues that the trial court erred in allowing Quik-Way's counsel to elicit information concerning Babbitt's financial situation and insurance coverage before the jury without first notifying the trial court and opposing counsel. This argument was not presented below and we will not permit arguments to be raised for the first time on appeal. *Pearrow* v. *Feagin*, 300 Ark. 274, 778 S.W.2d 941 (1989). Similarly, Babbitt argues that before defense counsel can invoke the "open the door" theory to introduce otherwise inadmissible evidence, counsel must first lay a foundation, in camera, that the witness testified falsely or in a misleading manner. Again, this particular argument was not presented to the trial court for determination, and thus, we will not entertain it on appeal. *Id.*

For the reasons stated hereinabove, we affirm.